Cyril J. Brown, J.
Defendant, presently serving a sentence in Sing Sing prison, moves for resentence, requesting that he receive credit for the time served in the Nassau County jail between his apprehension and his release following sentence. Defendant was taken into custody on May 13,1952 and remanded to the county jail where he remained until sentencing on October 17, 1952. On the later date the court imposed a sentence of 5 to 10 years in Sing Sing prison, suspended the execution thereof, and placed the defendant on probation for the maximum period. Subsequently, defendant was found to have violated his probation and on September 8, 1955 was sentenced to 5 to 10 years in Sing Sing prison. Application is now made that credit be given for the time served in the county jail from May 13 to October 17, of 1952.
Section 2193 of the Penal Law of the State of New York provides: “ Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term or sentence imposed upon him ”.
The District Attorney argues that the time spent by a person convicted of a crime in a prison means the time he was detained in regard to the conviction or judgment under which he is presently detained. Accordingly, he contends that the motion should be denied since defendant’s detention in 1952 does not relate to the conviction or judgment under which he is presently being detained. This court cannot agree with this contention. In People v. Kowalsky (2 A D 2d 938) the court interpreted section 2193 as meaning that the provision for credit “ obviously refers to time so spent upon the charge of the crime for which the conviction in,question was had.” Violation of probation does not constitute a separate and independent crime, but is merely a breach of probationary rules and conditions which enables the court to review, modify, or otherwise alter its original sentence (People ex rel. Wilson v. Additon, 40 N. Y. S. 2d 669). Here the sentence to a term in Sing Sing prison after the violation of probation by the defendant constituted a revocation of the original sentence. The crime for which the defendant was sentenced and is now being detained is the crime for which he was originally apprehended on May 13,1952. Defendant is therefore entitled to credit for the time spent in the county jail (Penal Law, § 2193). The motion for resentence is accordingly granted.
Submit order.