No. 47,380

SYLVESTER DALE HAZELWOOD, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 704)

Opinion filed July 17, 1974.

*John O. Martin*, public defender, was on the brief for the appellant.

*Vern Miller*, attorney general, and *David S. Knudson*, county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Petitioner Sylvester Dale Hazelwood appeals from an order of the Saline County District Court denying post-conviction relief from sentences imposed. The proceeding was initiated by motion under K. S. A. 60-1507. The purpose of the motion was to have the court reduce the previous sentences by giving credit for 162 days spent in the Saline county jail awaiting trial.

The petitioner was sentenced on October 20, 1970, under the habitual criminal act (K. S. A. 21-107 [a]) for the crimes of burglary (K. S. A. 21-520) and larceny (K. S. A. 21-524). The petitioner had been previously convicted of two prior felonies. Under the provisions of K. S. A. 21-107 (a) the minimum sentences permissible were two concurrent terms of fifteen years. The maximum sentences possible under K. S. A. 21-109 were two consecutive terms of imprisonment for life. The sentences imposed on petitioner were for not less than fifteen years on each count, to run concurrently. These convictions and sentences were affirmed on direct appeal in State v. Hazelwood, 209 Kan. 649, 498 P. 2d 607.

The present appeal from the order denying post-conviction relief comes to us on an agreed statement of facts. The pertinent portions read as follows:

"Appellant was arrested on May 11, 1970, in Geary County, Kansas, on a warrant from Saline County, Kansas, charging him with the offenses of Second Degree Burglary and Larceny. He was transported to the Saline County Jail on May 12, 1970, where he remained pending disposition of his case. Although bond was set in a reasonable amount, Appellant was unable to meet the bond because of his indigency. Appellant was found guilty by a jury in Saline County District Court on August 27, 1970, of the crimes of Third Degree Burglary and Larceny.

"On October 20, 1970, Appellant was sentenced to a term of imprisonment of fifteen (15) years for each offense. The Court ordered the sentences to run concurrently.

"At the time of sentencing, the Appellant's court-appointed attorney requested that the trial court allow the Appellant credit for time spent in custody prior to sentencing, a total of one hundred and sixty-two (162) days. This request was denied, with the following discussion between court and counsel.

"MR. GRAVES: Well, number one, I wondered if the court would be willing to make a part of its order and judgment herein that he be given credit for the time that he has been incarcerated in the Saline County Jail, which I think is around May 11th.

"THE COURT: The Court has considered that, Mr. Graves. The court has also considered many other factors such as whether or not the Court should make the sentences run consecutively rather than concurrently; whether the Court maybe should sentence the defendant to a longer period of time than fifteen years. I mention this only to indicate that the court has not overlooked this point—

"MR. GRAVES: Okay.

"THE COURT: —and has already considered the fact that Mr. Hazelwood has been in jail awaiting disposition, but feels that the Court has—should deny this request in consideration of the fact that the defendant has been given the minimum under the habitual criminal act.

"MR. GRAVES: Your Honor—
"THE COURT: The request is denied."

The legislature has repeatedly amended the statute relating to the allowance of jail time. See L. 1961, ch. 279, § 1; L. 1969, ch. 180, § 21-4614; L. 1970, ch. 124, § 13; L. 1972, ch. 317, § 101, and L. 1973, ch. 339, § 72. The statute in effect at the time of sentencing on October 20, 1970, reads in pertinent part:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury, *the judge*, if he sentences the defendant to confinement, *may* direct that for the purpose of computing defendant's sentence and his parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the journal entry of conviction, such date to be not more than ninety (90) days prior to the date of conviction, and not exceeding the time actually spent in jail, as an allowance for the time which the defendant has spent in jail pending the disposition of the defendant's case. . . ." (L. 1970, ch. 124, § 13. Emphasis supplied.)

Under K. S. A. 1970 Supp. 21-4614 (now amended) the allowance for time spent in jail pending trial was discretionary with the sentencing judge. Under this statute jail time became another factor to be considered in the exceedingly difficult task of determining the appropriate punishment. In the absence of an abuse of discretion the decision of the sentencing judge not to deduct from the sentence the time spent in confinement will not be set aside on appeal unless such exercise of discretion has violated some constitutional mandate.

The sole question presented in this appeal is whether the refusal of the trial court to credit petitioner with the time spent in custody awaiting trial violated the petitioner's constitutional rights to due process and to equal protection of the laws. The petitioner concedes that the Kansas statute in effect at the time of sentencing (K. S. A. 1970 Supp. 21-4614) left the matter entirely within the discretion of the trial court. So we are not concerned with noncompliance by the sentencing judge with statutory provisions and we are not concerned with the effects of later amendments to this statute which contain certain mandatory directions in this regard.

Petitioner's constitutional argument is based on a claim of invidious discrimination in the length of the punishment imposed. Because of indigency he was unable to make bond and was required to spend 162 days in jail prior to his sentencing. He points out that a person sentenced to the same period of confinement but who was able to post bond pending disposition of the case would have been confined 162 days less than he. He therefore contends it is constitu-

tionally required that both sentences be reduced to allow for the time spent in jail pending trial and sentence. Petitioner's argument is based on the faulty premise that anyone able to post bond would still have received minimum concurrent sentences. In addition it would appear the allowance of 162 days of jail time on both sentences would result in a double allowance for the time actually spent in jail.

The Constitution of the United States (Amendment 14, § 1) requires that all men be afforded equal protection of the laws and any statute or procedure which has the effect of discriminating against defendants solely because they are indigent is constitutionally impermissible. (*Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585; *Williams v. Illinois*, 399 U. S. 235, 26 L. Ed. 2d 586, 90 S. Ct. 2018.) This court has repeatedly recognized that indigent defendants are constitutionally entitled to equal protection of the laws. (*State v. Robertson*, 193 Kan. 668, 670, 396 P. 2d 323; *Stahl v. Board of County Commissioners*, 198 Kan. 623, 624, 426 P. 2d 134.) The Constitution of the State of Kansas, Bill of Rights, § 1, contains the mandate that "all men [indigent or otherwise] are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness." So in examining the question presented we must start with this basic principle in mind.

Today's philosophy of individualizing sentences recognizes sharp distinctions to be made between first and repeated offenders. The prevalent modern philosophy of penology is that the sentence or punishment should fit the offender and not merely the crime. The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to past life and habits of a particular offender. See American Bar Association Standards for Criminal Justice, Sentencing Alternatives and Procedures, approved draft 1968.

In *Williams v. Illinois*, supra, the high court expressly recognized this philosophy when it stated:

"The mere fact that an indigent in a particular case may be imprisoned for a longer time than a non-indigent convicted of the same offense does not, of course, give rise to a violation of the Equal Protection Clause. Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences. . . ." (339 U. S. p. 243.)

In the present case the petitioner was sentenced to the minimum terms provided by law. The maximum terms possible under the law were two consecutive sentences for life. As shown by the colloquy between court and counsel which appears in the agreed statement of facts it is apparent that the court gave substantial consideration, prior to sentencing, to the time petitioner had spent in jail pending trial. It is also apparent that the court considered the possibility of consecutive sentences and of longer sentences. These alternatives were rejected because of the nature of the offenses, the past life and habits of the offender and the time spent in jail pending trial. Under such circumstances it cannot be said that invidious discrimination in length of sentence resulted solely by reason of petitioner's poverty and inability to post bond. It is quite possible the sentencing court would have meted out longer sentences in this case had it not been for the 162 days of jail time served by petitioner pending trial.

The federal cases on this subject hold that if the actual sentence imposed plus the time spent in jail by reason of poverty and inability to post bond does not exceed the maximum sentence which could have been imposed under the law it will be conclusively presumed that the sentencing court gave defendant credit for the pre-sentence time spent in confinement. (*Schreter v. Clark,* 457 F. 2d 1305 [5th CA]; *Davis v. Willingham,* 415 F. 2d 344 [10th CA]; cf, *Williams v. Illinois,* supra.)

The cases cited by petitioner are not persuasive. For the most part they relate to situations where maximum sentences were imposed without allowance for jail time. Other cases cited relate to decisions holding that statutes which prohibit credit for pretrial detention are constitutionally impermissible. The case of *Pruett v. State of Texas,* 470 F. 2d 1182, is not applicable for it concerns a unique Texas appeals procedure under which a conviction is not final until affirmed on appeal. Indigent defendants remained in jail pending their appeals without credit for jail time while others in more fortunate circumstances could be free on bond. Additional discrimination was mentioned in *Pruett,* based on the Texas procedure, because of allowance of jail time to prisoners who did not appeal. No similar allowance was possible for those who appealed. *Pruett* is not persuasive under Kansas procedural law and the facts of this case.

In our present case it is not necessary to apply the conclusive presumption recognized by the federal courts, to the effect that a

sentencing court must be presumed to have given defendant credit for pre-sentence time spent in confinement when the actual sentence imposed plus the time spent in jail is less than the maximum sentence permissible. Here the record shows that the sentencing judge did consider the 162 days of jail time and gave the petitioner minimum concurrent sentences based upon this and other mitigating circumstances. Under these circumstances petitioner did receive consideration in his sentence for the time spent in confinement. It should make little difference to petitioner whether one of the sentences imposed was fifteen years plus 162 days less jail time or a flat fifteen years. In either case the sentence imposed would add up to fifteen years and would run concurrently.

When a sentencing judge considers the time spent by an indigent defendant in jail pending trial and imposes a sentence which, if increased by the jail time would not exceed the maximum sentence allowed by law, the defendant's constitutional rights to due process and equal protection of the laws have not been violated by reason of his inability to give bond and the sentence imposed is constitutionally permissible.

The petitioner is not entitled to an order reducing the minimum concurrent sentences imposed in order to allow a specific credit for the time spent in confinement prior to sentencing. The order of the trial court denying post-conviction relief is affirmed.