THE STATE OF OHIO, APPELLEE, *v.* YOUNG, APPELLANT.

[Cite as State v. Young (1975), 44 Ohio App. 2d 387.]

(No. 75AP-131—Decided June 24, 1975.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. Alan Travis,* for appellee.

*Mr. William S. Lazarow,* for appellant.

STRAUSBAUGH, P. J. This is an appeal by the defendant from a conviction in the Court of Common Pleas of a felonious assault. A sentence of 4 to 15 years was imposed, with credit given for 88 days spent in custody after his bindover from the Juvenile Court.

The record indicates that defendant, aged 17 years, was arrested on August 19, 1974, by the Columbus police on a charge relating to a dispute with his landlord on July 12, 1974; that, on August 21, 1974, a complaint was filed in Juvenile Court charging defendant with delinquency in committing a felonious assault under R. C. 2903.11; that also on August 21, 1974, the state filed a motion under Juv. R. 30 to transfer the proceedings to the Court of Common Pleas. On October 2, 1974, the court ordered defendant bound over to the Grand Jury. The state, however, did not transfer its file to the Court of Common Pleas after the bindover. On December 20, 1974, a record entry was again filed, ordering defendant bound over to the Court of Common Pleas. On December 23, 1974, defendant was indicted for attempted aggravated murder, pursuant to R. C. 2923.-

02. On December 27, 1974, defendant entered a plea of not guilty. The same day, the trial court signed an entry reciting that trial had been set for December 30, 1974, but that, on the application of defendant, the case was continued for reassignment to February 24, 1975. It stated: "defendant does not waive his statutory rights to a speedy trial, §2945.-71 et seq., R. C. from the date of arrest until December 30, 1974."

Defendant's motion to dismiss, based upon the failure to bring him to trial within the time limits set forth in R. C. 2945.71, et seq., was overruled. A trial to the court was conducted February 24, 1975, in which defendant was found not guilty of attempted aggravated murder, but guilty of the lesser included offense of felonious assault. From this conviction and sentence this appeal is taken.

Defendant's first assignment of error reads:

"The trial court erred in overruling defendant's motion to dismiss since he was not brought to trial within the time limits set forth in O. R. C. §2945.71, et seq."

R. C. 2945.71 provides that a person against whom a charge of felony is pending shall be brought to trial within 270 days after his arrest, and that, for purposes of computing time, each day the accused is held in jail in lieu of bail shall be counted as three.

Defendant maintains that the provisions of R. C. 2945.-71 should take effect as soon as the state files a motion to transfer under Juv. R. 30. The Ohio Supreme Court recently held in State, ex rel. Williams, v. Court of Common Pleas (1975), 42 Ohio St. 2d 433, at page 434:

"* * * if a juvenile is accused of committing a felony, the 90-day period established by R. C. 2945.71 (C) (2) and (D) for commencing trial does not begin to run until the Juvenile Court relinquishes jurisdiction and transfers the accused to the 'adult' court."

Defendant's first assignment of error is overruled.

Defendant's second assignment of error is:

"The trial court erred in refusing to give the defendant jail time credit for the days he spent in juvenile custody."

The court concurs with defendant and counsel for plaintiff that we find no case which would preclude credit for time served in the county jail pending the Juvenile Court's decision under Juv. R. 30, since R. C. 2967.191 mandates credit for jail time spent "for any reason arising out of the offense."

Defendant's second assignment of error is sustained, and the cause remanded with instructions to allow credit to defendant for time spent by defendant in jail prior to October 2, 1974. For the foregoing reasons, defendant's first assignment of error is overruled, and the conviction is affirmed; the second assignment of error is sustained, and the cause remanded for credit for time spent in jail.

*Judgment affirmed in part and reversed in part,*
*and cause remanded.*

HOLMES and REILLY, JJ., concur.