(570 P.2d 1100)
No. 48,570

STATE OF KANSAS, *Appellee,* v. BILLY G. THORN, *Appellant.*

Opinion filed July 15, 1977.

S. *Richard Mellinger,* of Emporia, for appellant.

*Philip E. Winter,* assistant county attorney, *Curt T. Schneider,* attorney general, and *Michael G. Patton,* county attorney, for appellee.

Before SWINEHART, P.J., REES and PARKS, JJ.

REES, J.: This is an appeal from the district court's refusal to order jail time credit requested by defendant. The one issue presented is whether the district court erred in giving defendant jail time credit for only 27 days.

On October 9, 1975, defendant, a juvenile, was arrested on a forgery charge. The next day a petition was filed in juvenile court alleging defendant was a delinquent. On October 21, 1975, the juvenile court found defendant not amenable to juvenile court proceedings and certified him to district court.

On November 6, 1975, defendant pleaded guilty to one count of forgery. On November 26, 1975, the district court sentenced defendant to a term of one to ten years, but placed him on probation for a period of three years. No date was set for computation of defendant's sentence and parole and conditional release dates. Defendant was released from custody after 49 days in jail.

Later and by reason of defendant's violation of conditions of his probation, a bench warrant was issued by the district court and he was arrested in Monticello, New York, on May 21, 1976. Defendant was returned to Lyon County on August 18, 1976. He appeared before the district court on August 25, 1976, at which time his probation was revoked and he was ordered to serve the one to ten year sentence. The court set July 29, 1976, as the computation of sentence date. This gave defendant credit for only 27 of the total of 146 days of jail time since his initial arrest on October 9, 1975. The 27 days were attributable to the periods from November 6, 1975, to November 26, 1975, and from August 18, 1976, to August 25, 1976. Thus, no credit was given for the 29

days from his initial arrest on October 9, 1975, to his guilty plea on November 6, 1975, or for the 90 days from his arrest in New York on the bench warrant on May 21, 1976, to his return to Lyon County on August 18, 1976. Therefore, there is in issue 119 days of possible jail time credit.

Defendant does not challenge the validity of his sentence or the revocation of his probation, but disputes the failure of the district court to give credit for the full amount of time spent in jail prior to August 25, 1976. We conclude the district court erred in not crediting defendant for the full 146 days spent in jail prior to the August 25, 1976, district court order directing that he be confined.

K.S.A. 21-4614 is applicable, and it provides in part as follows:

"**Deduction of time spent in confinement.** In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury, the judge, if he sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the journal entry of conviction, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in jail pending the disposition of the defendant's case. . . ."

The language of K.S.A. 21-4614, providing that the computation date of the sentence "shall . . . reflect . . . time which the defendant has spent in jail . . ." is clearly mandatory. The statute was amended in 1973, effective July 1, 1974, to include the mandatory language. Prior to the amendment, the statute provided that allowance for time spent in jail pending disposition of the defendant's case was discretionary with the court. *Hazelwood v. State,* 215 Kan. 442, 524 P.2d 704. The amendment of K.S.A. 21-4614 removed the district court's discretion.

We discern no reason to deny defendant credit for the full 146 days spent in jail prior to his incarceration by order of the district court.

The fact that part of the jail time was by reason of juvenile court jurisdiction rather than district court jurisdiction is irrelevant. The juvenile court proceedings pertained to the same criminal act as that for which defendant was ultimately sentenced by the district court. Jail time spent under juvenile court jurisdiction pending certification and trial as an adult has been credited to a

defendant under a statute which mandates credit for jail time spent "for any reason arising out of the offense." *State v. Young,* 44 Ohio App.2d 387, 339 N.E.2d 668 (1975). On oral argument, the state correctly conceded that defendant should have credit for the 29 days from October 9, 1975, to November 6, 1975.

The fact that part of the jail time was in New York also is irrelevant. Defendant was being held in New York only upon the authority of the Kansas bench warrant issued for probation violation. Statutes granting credit for presentence confinement have been construed to provide for inclusion of time spent in jail in another jurisdiction awaiting return for trial. *People ex rel. Bradley v. Davies,* 17 Ill.App.3d 920, 309 N.E.2d 82 (1974); *People v. Havey,* 11 Mich. App. 69, 160 N.W.2d 629 (1968); *Com. ex rel. Bleecher v. Rundle,* 207 Pa. Super. 443, 217 A.2d 772 (1966); *State v. Dozier,* 263 S.C. 267, 210 S.E.2d 225 (1974); *People v. Nagler,* 21 App.Div.2d 490, 251 N.Y.S.2d 107 (1964).

The initial granting of probation to the defendant did not deprive him of his statutory right to credit for time spent in confinement. In *People v. Syczyk,* 5 Misc.2d 521, 164 N.Y.S.2d 413 (1957), the court rejected the argument that the defendant was not entitled to credit for time spent in jail prior to the grant of probation where probation was later revoked and sentence imposed. The court said in part:

". . . Violation of probation does not constitute a separate and independent crime, but is merely a breach of probationary rules and conditions which enables the Court to review, modify, or otherwise alter its original sentence *(People ex rel. Wilson v. Additon,* 40 N.Y.S.2d 669). Here the sentence to a term in Sing Sing prison after the violation of probation by the defendant constituted a revocation of the original sentence. . . ." (p. 522.)

In *Syczyk,* the defendant was given credit both for jail time before probation was granted and for jail time while awaiting revocation of probation and imposition of sentence.

In *Guerra v. State,* 518 S.W.2d 815 (Tex. App. 1975), the Court of Criminal Appeals of Texas found, under a statute similar to K.S.A. 21-4614, that a probationer whose probation was revoked was entitled to credit for time spent in jail pending the revocation.

The A.B.A. has assumed a liberal stance toward the granting of credit for time spent in jail before imposition of sentence. See A.B.A. Standards Relating to Sentencing Alternatives and Procedures, Sec. 3.6.

The 1973 amendment making the jail time credit provisions

mandatory rather than discretionary discloses legislative intent to give criminal defendants sentenced to incarceration credit for all time spent in custody on the charge for which they are sentenced. The statute places no limits, conditions or discretion upon the grant of credit. Therefore, we conclude defendant was entitled to have the full 146 days credited to his sentence.

The case is remanded to the trial court with direction to determine and order computation of sentence in accord with this opinion. As thus modified, the judgment is affirmed.