(690 P.2d 396)
No. 56,591

STATE OF KANSAS, *Appellee,* v. JAMES G. JENKINS, *Appellant.*

Opinion filed November 15, 1984.

*Eric A. Stahl* of Legal Services for Prisoners, Inc., of Lansing, for the appellant.

*Geary N. Gorup,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.

BRISCOE, J.: James Jenkins, the defendant, appeals an order determining his jail time credit on two consecutive sentences.

On April 8, 1982, the defendant was sentenced in two separate criminal cases. The charges in the two cases were unrelated. The defendant was sentenced to two concurrent terms of 5 to 20 years on one case, and to two concurrent terms of 3 to 10 years on the other. The trial court ordered that the sentences in the two cases were to run consecutively, but then granted probation. By the time of sentencing, the defendant had spent 20 days in jail on one case, and one day on the other.

On November 4, 1982, the defendant was arrested for violating the conditions of his probation. He spent a total of 37 days in jail awaiting disposition of the probation revocation proceeding. On January 19, 1983, the trial court revoked the defendant's probation and ordered him to serve the sentences imposed in April, 1982.

The court ordered that the defendant's sentence be computed

from December 13, 1982, giving him 37 days of jail time credit. The defendant moved for additional credit to reflect the full time he spent in jail awaiting disposition of both cases.

The trial court ruled that the defendant was not entitled to aggregate time spent in jail on unrelated cases. The court ordered that the consecutive sentences be computed from December 12, giving the defendant 38 days of jail time credit.

The sole issue is whether the trial court erred in computing the defendant's jail time credit. The defendant contends that he should receive an additional 20 days of credit because he spent a total of 58 days in jail awaiting disposition of the two cases.

To correctly determine the amount of jail credit which should be applied to determine the beginning date for the defendant's sentence, K.S.A. 21-4614 and K.S.A. 1983 Supp. 21-4608 must be read together.

K.S.A. 21-4614 mandates the deduction of time spent in confinement, and provides in pertinent part:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such *sentence is to be computed from a date,* to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be *established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."* Emphasis added.

Because the defendant's sentences run consecutively, the rules applicable to consecutive sentences set out in K.S.A. 1983 Supp. 21-4608(6) must also be considered:

"In calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply:

. . . .

"(c) When indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms.

"(d) When indeterminate sentences are imposed to be served consecutively to sentences previously imposed in any other court or the sentencing court, the aggregated minimums and maximums shall be computed from the effective date of the subsequent sentences which have been imposed as consecutive. The inmate shall be given credit on the aggregate sentence for time spent incarcerated on the previous sentences, but not exceeding the maximum credit toward

parole eligibility, for the purpose of determining the sentence begins date . . . ."

The provisions of both K.S.A. 21-4614 and K.S.A. 1983 Supp. 21-4608(6) are mandatory. The jail credit statute was amended in 1973. The amendment, which made jail credit mandatory rather than discretionary, evidences a legislative intent to give criminal defendants sentenced to incarceration credit for all time spent in custody on the charge for which they are sentenced. *State v. Thorn,* 1 Kan. App. 2d 460, 462-63, 570 P.2d 1100 (1977).

The statute places no limits or conditions upon the grant of jail credit time. It requires that defendants receive credit for all time spent in custody on the charges for which they are sentenced. *State v. Thorn,* 1 Kan. App. 2d at 462-63. The court in *Thorn* also clearly recognized jail credit could be granted for time spent in jail awaiting revocation of probation and imposition of sentence.

Under K.S.A. 21-4614, "a defendant is entitled only to credit for the time held in custody solely on account of, or as a direct result of, those charges for which he is now being sentenced." *State v. Calderon,* 233 Kan. 87, 98, 661 P.2d 781 (1983), citing *Campbell v. State,* 223 Kan. 528, 530-31, 575 P.2d 524 (1978).

The rules applicable to consecutive sentences, however, require that: "The inmate shall be given credit on the aggregate sentence for time spent incarcerated on the previous sentences . . . ." K.S.A. 1983 Supp. 21-4608(6)(d). While 21-4608(6)(d) pertains specifically to cases in which an indeterminate sentence is imposed to be served consecutively to sentences previously imposed, the same principle in establishing jail credit should logically be followed when the consecutive indeterminate sentences are imposed on the same day.

The trial court erred in concluding that it could not grant the defendant jail time credit for the 20 days he spent in jail on the charges in the first case after it had determined he was entitled to 38 days of credit on the sentence imposed in the second. Both *Calderon* and *Campbell* recognize a defendant is entitled to credit for the time he is held in custody as a direct result of the charges for which he is being sentenced. The consecutive sentences imposed against Jenkins were a direct result of the charges in both cases. When the sentences are aggregated pursuant to K.S.A. 1983 Supp. 21-4608, the jail credit time on each charge should also be aggregated and the total number of days

previously spent incarcerated on all charges should be considered in determining the sentence beginning date.

The case is remanded to the district court for recalculation of the sentence beginning date in accord with this opinion.