The Honorable Stephen R. Tatum Administrative Judge Tenth Judicial District Courthouse, Division 5 Olathe, Kansas 66061
Dear Judge Tatum:
As Administrative Judge of the Tenth Judicial District, you ask how jail credit for time served should be applied when a defendant is sentenced for multiple cases or counts on the same day and the court imposes consecutive sentences. You also ask what agency or authority is responsible for recording and calculating an inmate's sentence when the inmate is serving time exclusively in the county jail for misdemeanor charges.
Consecutive Sentences Imposed on the Same Day
The Kansas sentencing statutes substantially changed on July 1, 1993, when the Kansas Sentencing Guidelines Act became effective.[1] Prior to the sentencing guidelines, Kansas utilized an indeterminate sentencing scheme.
Kansas law dictates that for purposes of computing a defendant's sentence, parole eligibility, and conditional release dates, it is the sentencing court, specifically, that must establish a sentencing date, or a "sentence-begins" date. The court must include this date in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution.[2]
The sentencing date shall reflect the time that the defendant spent incarcerated pending the disposition of the defendant's case.[3] In sum, the "sentencing-begins" date set by the court shall be used as the official date of sentence and all jail time credit and good time credits authorized by the Kansas parole board must be calculated based on this date.[4]
When multiple sentences run consecutively, a defendant receives one aggregated sentence and one "sentence-begins" date.[5] Any jail time credit earned is also aggregated and applied to a defendant's sentence.[6] As indicated above, at one time Kansas used an indeterminate sentencing scheme, but now, under the Kansas Sentencing Guidelines Act, Kansas uses a determinate sentencing scheme. Accordingly, the statutes presently in effect address both sentencing schemes. Since a sentencing court could be presented with situations involving either sentencing scheme, each is addressed separately in this opinion.[7]
 Calculating Sentences Imposed on the Same Day for Crimes CommittedPrior to July 1, 1993
K.S.A. 21-4608, as amended by L. 2008, Ch. 183, § 3 concerns sentences imposed on the same day under both sentencing schemes. Under this provision, when a sentencing court imposes separate, indeterminate,consecutive sentences on the same date for crimes committedprior to July 1, 1993, the minimum terms are added together to reach an aggregate minimum sentence to be served. This minimum sentence is equal to the sum of all minimum terms. The maximum terms a defendant may serve are also added together to arrive at an aggregate maximum sentence that is equal to the sum of all maximum terms.
Subsection (f)(3) provides:
"(f) The provisions of this subsection relating to parole eligibility shall be applicable to persons convicted of crimes committed prior to January 1, 1979, but shall be applicable to persons convicted of crimes committed on or after that date only to the extent that the terms of this subsection are not in conflict with the provisions of K.S.A.22-3717 and amendments thereto. In calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply:
. . . .
"(3) When indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms."[8]
In situations where two or more crimes were committed prior to July 1, 1993, and the sentencing court imposed both definite and indefiniteterms that run consecutively, subsection (g) dictates that the period of the definite term must be added to both the minimum and maximum of the indeterminate term. Both sentences are satisfied by serving the indeterminate term.[9] Notably, subsection (g) specifically states that the "provisions of this subsection shall not apply to crimes committed on or after July 1, 1993."
Calculating Sentences Imposed on the Same Day for Crimes CommittedAfter July 1, 1993
K.S.A. 22-3717, as amended by L. 2008, Ch. 116, § 1, concerns consecutive sentences imposed on the same day for different crimes, when the crimes were committed after July 1, 1993. The relevant portions of the amendment, which set forth the formula for calculating a defendant's sentence are as follows:
"(c) (1) Except as provided in subsection (e), if an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of:
"(A) The aggregate minimum sentences, as determined pursuant to K.S.A.21-4608 and amendments thereto, less good time credits for those crimes which are not class A felonies; and
"(B) an additional 15 years, without deduction of good time credits, for each crime which is a class A felony.
"(2) If an inmate is sentenced to imprisonment pursuant to K.S.A.21-4643, and amendments thereto, for crimes committed on or after July 1, 2006, the inmate shall be eligible for parole after serving the mandatory term of imprisonment."
Sentences Imposed on the Same Day and Jail Time Credit
When a defendant has spent time in jail on multiple cases pending disposition and is sentenced to consecutive sentences on the same day, the jail time credit a defendant earned while awaiting disposition of the cases, is subtracted from the aggregate sentence reached for both sentences. The defendant cannot have jail time credit applied to each sentence separately.[10] Under the Kansas Sentencing Guidelines, jail credit for time served at the same time in two cases can only be counted once.[11]
Responsibility for Calculating an Inmate's Sentence When Inmate isServing Time in County Jail on Misdemeanor Charges
Our research did not locate any Kansas law that specifically states what institution or authority is responsible for calculating and maintaining records concerning an inmate's sentence when the defendant serves his or her sentence exclusively in the county jail. However, it is our opinion that both the sentencing court and the sheriff are responsible for calculating, recording and maintaining records concerning the amount of time a defendant has served in custody.
The sentencing court is responsible for establishing a "sentence-begins" date. Kansas law dictates that the court must provide this date in the sentencing order of the journal entry of judgment or on the judgment form, whichever is delivered with the defendant to the correctional institution.[13]
While not directly ruling on the issue, in an unpublished decision, the Court of Appeals explained that at the time of sentencing, the sentencing court has the duty to establish a "sentence-begins" date. In its decision, the Court suggested that in order to properly set the "sentence-begins" date, the sentencing court must investigate and calculate the amount of jail credit the defendant has earned. The sentencing court must ensure that this time is reflected clearly and accurately in the record and on the journal entry. The court indicated that in order to impose an accurate sentence, the sentencing court relies on jail personnel and their records. The Court of Appeals specifically stated that jail credit calculations "should be made in thefirst instance by the district court, which has access to jail records and personnel."[14]
The county sheriff also has a responsibility in this situation. As stated, the sentencing court must rely upon jail records and personnel in order to establish a "sentence-begins" date. Kansas law mandates that the sheriff keep detailed records of an inmate's time in custody. Specifically, the county sheriff is required to maintain a jail calendar or roster.[15] The responsibility to keep these records is not optional.[16]
"The sheriff of each county must keep a true and exact calendar of all prisoners committed to the county jail, which calendar must contain the names of all persons who are committed, their place of abode, the time of their commitment, the time of their discharge, the cause of their commitment, the authority that committed them, and the description of their persons; and when any person is liberated, such calendar must state the time when and the authority by which such liberation took place; and if any person escape, it must state particularly the time and manner of such escape."[17]
Accordingly, since part of a sheriff's duty in overseeing the county jail includes recording an inmate's in-and-out booking dates, calculating the time an inmate has served in the sheriff's custody is also a part of the sheriff's duty. In addition, the sheriff must provide this information to the court upon request.[18]
Summarizing, calculation of a defendant's sentence for misdemeanor charges is the responsibility of both the district court and the sheriff. The responsibility of recording and calculating a defendant's time in the jail lies with the sheriff. Based upon the sheriff's information, the court must make the appropriate jail credit calculations in order to determine a "sentence-begins" date.
Sincerely,
Steve Six Attorney General
Rebecca E. Rand Assistant Attorney General
SS:MF:RR:jm
[1] K.S.A. 21-4101 et seq.
[2] K.S.A. 21-4614.
[3] K.S.A. 21-4614.
[4] K.S.A. 21-4614.
[5] K.A.R. 44-6-101(b)(1), (3); 44-6-138.
[6] State v. Jenkins, 10 Kan. App. 2d 8, 690 P.2d 396 (1984),superseded by statute as stated in State v. Chapman, 123 P.3d 212 (2005) (explaining that Jenkins interpreted statutes based on the indeterminate sentencing scheme, which the Kansas Sentencing Guidelines Act replaced; however, even under determinate sentencing as prescribed in the present sentencing guidelines, sentences are still aggregated).
[7] Sentences must also comply with K.S.A. 21-4720. Generally, under this statute, a consecutive sentence that is aggregated cannot be greater than twice the defendant's base sentence. This limit only applies to the total sentence and does not reduce the length of any of the nonbase sentences imposed consecutively to the base sentence.
[8] K.S.A. 21-4608, as amended by L. 2008, Ch. 183, § 3.
[9] Id.
[10] K.S.A. 21-4614 see also K.A.R. 14-6-134; 44-6-135; 44-6-138
(applicable statutes and regulations concerning "sentence-begins" dates and jail time credit).
[11] Worrell v. State, 178 P.3d 688 (2008).; see K.S.A. 21-4720(b)(1) and K.A.R. 44-6-134(d).[12]
[12] Worrell v. State, 178 P.3d 688 (2008).
[13] K.S.A. 21-4614.
[14] State v. Foreman, 167 P.3d 387 (2007).
[15] K.S.A. 19-1904.
[16] See K.S.A. 19-1905 (if sheriff fails or refuses to provide a calendar to the court, sheriff shall be punished by fine not exceeding five hundred dollars).
[17] K.S.A. 19-1904.
[18] K.S.A. 19-1905.