NOT DESIGNATED FOR PUBLICATION

Nos. 113,326
113,327
113,328

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ALEX COOK-MYHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 6, 2016. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*:  Alex Cook-Myher appeals claiming the district court erred in not giving him credit for 61 days served of an intermediate sanction in each of his three cases (for a total of 183 days). Cook-Myher's three cases were sentenced consecutive to each other, and he is entitled to only 1 day of jail time credit for each day served. Cook-Myher's claim for additional jail time credit lacks merit. We affirm.

1

Cook-Myher was on 18 months' probation in three separate cases, all at the same time, with consecutive sentences totaling 48 months. On June 27, 2014, Cook-Myher stipulated in all three cases to violating the terms of his probation. The district court revoked Cook-Myher's probation in all three cases and reinstated him to a new term of 18 months of probation following a "120 day dunk" pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C). The journal entries of judgment indicated the 120-day sanction was imposed in each of Cook-Myher's three cases.

On November 25, 2014, after another hearing to revoke his probation, the district court determined Cook-Myher had again violated the terms of his probation in all three cases. The district court revoked Cook-Myher's probation in all three cases and ordered him to serve his underlying prison sentences. The district court ordered Cook-Myher be given credit for any jail time served against the sentences that were imposed. The journal entries reflect that all jail time credit earned was accounted for in 13CR600. If that sentence had been completed, the credit would be awarded in 13CR872. Finally, if his sentence was complete in 13CR872, credit would be awarded in 13CR966. Cook-Myher was awarded a total of 210 days jail time credit in 13CR600, 61 days of which were served in the 120-day intermediate sanction ordered on June 27, 2014. The record reflects the Kansas Department of Corrections modified Cook-Myher's 120-day sanction to 61 days pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C).

On December 8, 2014, Cook-Myher appealed the district court's allocation of jail time credit in all three of his cases. This court consolidated the cases on appeal.

ANALYSIS

*Did the district court err in awarding jail time credit?*

On appeal, Cook-Myher argues the district court erred when it failed to grant him 61 days' jail time credit in each of his other two cases, 13CR872 and 13CR966: "Mr. Cook-Myher served a 61 day intermediate sanction following the revocation of his probation for three distinct cases. The district court only credited that 61 day sanction toward one of Mr. Cook-Myher's sentences. By statute, the court should have credited that time toward all of Mr. Cook-Myher's sentences."

*Failure to Raise Below*

As a preliminary matter, Cook-Myher failed to argue before the district court that the time he served on an intermediate sanction needed to be credited towards all three of his sentences.

Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, there are several exceptions to this general rule, including:

> "(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court is right for the wrong reason." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is

improperly briefed and will be deemed waived or abandoned. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Rule 6.02[a][5] will henceforth be strictly enforced); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning future litigants to comply with Rule).

On appeal, Cook-Myher argues:

"The issue raised in this appeal hinges entirely upon this Court's interpretation of K.S.A. [2015 Supp.] 22-3716. Thus, this case implicates a pure question of law arising on proved or admitted facts. Additionally, consideration of this issue will serve the ends of justice by effectuating a consistent interpretation of the legislative intent expressed in our recently amended probation revocation statute. For both those reasons, Mr. Cook-Myher's arguments may be considered for the first time on appeal. See *State v. Lane*, [No. 111,110, 2015 WL 802739, at *3 (Kan. App. 2015) (unpublished opinion)] (considering whether a district court should have complied with K.S.A. 2013 Supp. 22-3716[c]'s graduated sanctions scheme when the issue was raised for the first time on appeal)."

Since this issue involves a pure question of law based on undisputed facts, we will proceed to answer Cook-Myher's request for additional jail time credit.

Was Cook-Myher entitled to triple credit for the 61 days he served as an intermediate sanction? The answer is no. "The right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, 336, 710 P.2d 1268 (1985)." *State v. Parks*, 27 Kan. App. 2d 544, 544, 6 P.3d 444 (2000); see *State v. Brown*, 38 Kan. App. 2d 490, 491, 167 P.3d 367 (2007) (right to jail time credit upon revocation of probation is statutory). Interpretation of a statute governing jail credit is a question of law, and appellate review is unlimited. See *State v. Harper*, 275 Kan. 888, 891, 69 P.3d 1105 (2003); see *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). Where there is no ambiguity, the court need not resort to statutory construction. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095

4

(2014). A specific statute controls over a general statute. Likewise, a specific provision within a statute controls over a more general provision within the statute. *Vontress v. State*, 299 Kan. 607, 613, 325 P.3d 1114 (2014).

> "Under Kansas law, a judge who sentences a defendant to confinement is required to grant credit for the time which the defendant spent incarcerated pending the disposition of his or her case. K.S.A. 21-4614; *State v. Golston*, 269 Kan. 345, Syl. ¶ 1, 7 P.3d 1132 (2000). 'The provisions of K.S.A. 21-4614 are mandatory and require that a criminal defendant sentenced to incarceration be given credit for all time spent in custody solely on the charge for which he is being sentenced. [Citation omitted.]' *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983)." *Harper*, 275 Kan. at 890.

"With that said, a defendant is entitled to this credit for time spent in custody only when he or she is being held solely on the charge for which the defendant is being sentenced. *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004)." *Hooks v. State*, 51 Kan. App. 2d 527, 531, 349 P.3d 476 (2015).

While jail time credit has traditionally been controlled by K.S.A. 21-4614 (now K.S.A. 2015 Supp. 21-6615), Cook-Myher argues on appeal that this case "hinges entirely upon this Court's interpretation of K.S.A. [2015 Supp.] 22-3716." Probation violation procedures are controlled pursuant to K.S.A. 2015 Supp. 22-3716. Specifically, it provides that an intermediate sanction is required prior to revocation of probation. See K.S.A. 22-3716(c). Cook-Myher was sanctioned to 120 days' total confinement for violations of his probation in three separate cases. Cook-Myher contends:

> "Relevant to this appeal, K.S.A. [2015] Supp. 22-3716(c)(10) provides:
> "[']If an offender is serving multiple probation terms concurrently, any violation sanctions imposed pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D), or any sanction imposed pursuant to subsection (c)(11), shall be imposed concurrently.[']
> "This statutory subsection was not in effect when the district court imposed a 120 day sanction upon Mr. Cook-Myher—June 27, 2014. See K.S.A. 2013 Supp. 22-3716(c). But,

5

since the rule articulated by K.S.A. [2015 Supp.] 22-3716(c)(10) clarifies what K.S.A. 2013 Supp. 22-3716(c) required, it still controls what discretion the district court had in sanctioning Mr. Cook-Myher. See 2014 Senate Substitute for House Bill 2448 Summary, ¶ 7.

> "Concurrent penalties 'share the same clock.' When time is served on one concurrent penalty, time served for another concurrent penalty must 'tick away alongside it.' See *Wilkinson v. State*, 40 Kan. App. 2d 741, 741,195 P.3d 278 (2008). Since Mr. Cook-Myher served concurrent probation revocation sanctions for cases 13 CR 600, 13 CR 872, and 13 CR 966, the district court needed to award credit for time served on that sanction toward all three of his cases. The district court erred by crediting a concurrent penal sanction as if it were being served in just one of Mr. Cook-Myher's cases."

Cook-Myher is asking this court to find a general statute controls over a specific statute. Cook-Myher was serving his three probation terms concurrently. He was ordered to serve a 120-day intermediate sanction. He actually served a 61-day sanction which was applied concurrently as a sanction in all three cases. K.S.A. 2015 Supp. 21-3716 says nothing about how the sanction is to be counted for purposes of jail time credit; the specific jail time credit statute is K.S.A. 2015 Supp. 21-6615.

*State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001), involves a situation similar to Cook-Myher's:

> "Defendant argues that the jail time credit statute, K.S.A. 21-4614, and the decision in *State v. Jenkins*, 10 Kan. App. 2d 8, 690 P.2d 396 (1984), mandate that he be given full jail time credit against the sentences in each felony. As there are two sentences which aggregate to 30 years to life, he argues he is entitled to credit for twice the time he was actually incarcerated in jail on the aggregate sentence. Neither the statute nor the *Jenkins* decision supports his position. K.S.A. 21-4614 contains no provision for credit in excess of the time an individual is actually incarcerated in jail. The *Jenkins* case involved a defendant who was consecutively sentenced on the same day for two felonies and then granted probation. Later, when the probation was revoked, the jail time credit was set at 37 days—the time Jenkins was incarcerated awaiting disposition of the revocation proceeding. The 20 days defendant had been incarcerated on one felony prior to

6

sentencing and the 1 day he was so incarcerated on the other felony were held by the district court not to entitle defendant to credit on the aggregate sentence. These 21 days of incarceration were, in effect, lost as far as jail time credit. The Court of Appeals held that Jenkins was entitled to have the 20 day and 1 day incarceration aggregated and the 21 days credited to the aggregate sentence. 10 Kan. App. 2d at 10-11. Nothing in Jenkins supports defendant's contention that he is entitled to jail time credit on his aggregate sentence for twice the number of days he was actually incarcerated."

"When sentences are consecutive, the defendant must serve both sentences one after another, and the defendant receives credit for each day served against only one of the sentences." *Worrell v. State*, No. 97,611, 2008 WL 762514, at *1 (Kan. App. 2008) (unpublished opinion), *rev. denied* 286 Kan. 1186 (2008); see *State v. Ellsworth*, No. 107,770, 2013 WL 1859219, at *2 (Kan. App. 2013) (unpublished opinion) (a criminal defendant may not receive credit for twice the number of days he was actually incarcerated as would result from his request), *rev. denied* 298 Kan. 1205 (2013); *State v. Chapman*, No. 93,518, 2005 WL 3289424, at *3 (Kan. App. 2005) (unpublished opinion) (there is no authority for the proposition that more jail time credit is to be awarded when one sentence is run consecutive to another).

Cook-Myher served a 61-day sanction and received 61 days of jail time credit against his consecutive sentences. His claim to receive 183 days of jail time credit after serving only 61 days lacks merit.

Affirmed.