(571 P.2d 53)
No. 48,590

Terry J. Brodie, *Appellant,* v. State of Kansas, *Appellee.*

Opinion filed August 5, 1977.

*William Pray,* of Leavenworth, and *Randall H. McEwen,* Legal Services for Prisoners, Inc., of Hutchinson, for the appellant.

*Roger M. Theis,* Assistant Attorney General, and *Curt T. Schneider,* Attorney General, for the appellee.

Before Parks, P.J., Foth and Rees, JJ.

Parks, J.: This is an appeal from a judgment of the trial court denying a writ of habeas corpus to the petitioner, Terry J. Brodie.

Petitioner alleges that he is being restrained of his liberty within the meaning of K.S.A. 60-1501 in that the Secretary of Corrections has refused to allow him credit on his Kansas sentence for the time he spent in confinement in the state of California. Petitioner accrued the time in the foreign jail following his escape from the Kansas State Penitentiary (KSP) at Lansing, Kansas, where he is presently confined.

Petitioner plead guilty to second degree murder in Wyandotte County, Kansas, in November 1969. Thereafter he was sentenced and transferred first to the Kansas State Industrial Reformatory at Hutchinson, Kansas, and then to KSP, where he escaped on September 13, 1973. The following day a complaint was filed charging him with the crime of escape and a warrant was issued by the then Magistrate Court of Leavenworth County, Kansas.

While on escape status, the petitioner was shot and wounded by the Kansas City, Missouri, police as he was being arrested for attempted burglary. Following this arrest he was taken for treatment to General Hospital, from which he subsequently escaped on January 3, 1974. Petitioner remained at large until the Kansas City, Missouri, police recaptured him on March 19, 1974.

With the acquiescence of the Kansas authorities, petitioner was extradited from Missouri to California where murder charges were pending against him. The crimes allegedly occurred after petitioner's escape from KSP. Kansas officials were advised by a telephone call from Kansas City on May 31, 1974, that petitioner had been turned over to the California authorities and that the Kansas warrant had been sent to California along with the petitioner.

Following the petitioner's arrival in California, a preliminary hearing was held on the two California murder charges. Subsequently a dismissal was entered without prejudice on July 31, 1974, because the preliminary hearing had not occurred within the time specified by law. Notwithstanding a notation in the court records that petitioner was at that time "released," there is a question whether petitioner remained in custody. From the record presented it appears that twenty-six days elapsed between this dismissal and the refiling of the murder charges on August 26, 1974.

After a series of continuances and other events not germane to this appeal, the California case was dismissed on December 18, 1975, for lack of prosecution. However, the petitioner was not returned to the Kansas State Penitentiary until April 14, 1976, a lapse of one hundred and eighteen (118) days from the dismissal.

Petitioner argues that he is entitled to credit on his Kansas sentence (the 1969 second degree murder sentence) for all the time he spent in the California jail from and after his May 31, 1974, extradition from the state of Missouri.

The trial court held that the petitioner is not entitled to credit on his sentence for any of the time he was absent from the Kansas State Penitentiary on escape status; that the petition failed to state a claim upon which relief can be granted in a habeas corpus proceeding; and that a writ should not be issued.

The petitioner appeals to this court claiming that the petition on its face was sufficient to show that the petitioner-appellant had been wrongfully restrained.

If a convict escapes or is released on bail, he is not entitled to credit on his sentence for the time of his absence. 21 Am.Jur.2d, Criminal Law, § 545, p. 521; *State ex rel. Siehl v. Jorgenson,* 176 Minn. 572, 224 N.W. 156. The record in this case shows that from the time of his escape on January 3, 1974, until he was returned to

KSP on April 14, 1976, petitioner's confinement in various jails outside the state of Kansas was always the result of either charges filed by a foreign jurisdiction or the Kansas warrant issued charging him with the new and distinct crime of escape. At no time during this period was he confined solely as a result of his status as one convicted of a Kansas crime. Accordingly, we find no error in the trial court's ruling denying the petitioner credit on his original sentence—the 1969 second degree murder charge.

Having determined and affirmed the trial court's ruling denying credit on petitioner's second degree murder sentence, we now turn our attention to the escape charge referred to in the record. It is not clear from the record presented as to whether the petitioner was prosecuted and sentenced on the escape charge following his return to Kansas.

K.S.A. 21-4614 provides that a sentence shall be computed from a date to allow for the time which defendant has spent in jail pending the disposition of defendant's case. Justice Prager, speaking for our Supreme Court, said that "it is obvious the legislature intended the word 'jail' in K.S.A. 21-4614 be given its commonly understood meaning as *any place of confinement* and not just a *local* bastile." *State v. Mackley,* 220 Kan. 518, 519, 552 P.2d 628. (Emphasis added.)

If Mr. Brodie was (1) prosecuted and sentenced on the escape charge following his return to Kansas; (2) held during the period of July 31, 1974, to August 26, 1974 (when the California charges were first dismissed and refiled) and from December 18, 1975, to April 14, 1976, solely on the Kansas escape warrant (provided there was no concurrent Missouri warrant filed with the California authorities during these periods); and (3) not released on bond during these periods, it is our opinion that credit for one hundred and forty-four (144) days should be granted to petitioner *only* on his *sentence for escape.* The 1973 amendment to K.S.A. 21-4614 making the jail time credit provisions mandatory rather than discretionary discloses legislative intent to give criminal defendants sentenced to incarceration credit for all time spent in custody on the charge for which they are sentenced. The statute places no limits, conditions, or discretion upon the grant of credit. *State v. Thom,* 1 Kan.App.2d 460, 570 P.2d 1100.

By way of emphasis, we again state that under the circum-

stances of this case, no credit of time should be granted to petitioner on his original Kansas sentence for second degree murder.

This case is remanded to the trial court with directions to determine and order the allowance of credit of time for the sentence of escape only, if applicable, in accord with this opinion. As modified, the judgment is affirmed.