(949 P.2d 634)

No. 76,882

STATE OF KANSAS, *Appellee*, v. LAWRENCE WHEELER, *Appellant*.

Opinion filed December 12, 1997.

*Ezra J. Ginzburg* and *Ryan Kipling Elliott*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: Lawrence L. Wheeler appeals the district court's denial of his motion for jail time credit. He requests credit for time spent in custody in Johnson County on a charge of indecent solicitation of a child which was dismissed prior to his being transferred to Sedgwick County to face multiple charges of aggravated indecent liberties with a child.

Wheeler was charged in Johnson County with the indecent *solicitation* of J.M., a 10-year-old boy. The charge alleged that Wheeler, while in Sedgwick County, sent a letter to J.M. in Johnson County soliciting sexual acts. J.M. received the letter on August 31, 1993. Wheeler was arrested and held in Johnson County from January 9, 1995, to July 26, 1995, on that charge.

In Sedgwick County, Wheeler was charged with multiple counts of aggravated indecent *liberties* with J.M. Wheeler also faced charges of burglary, conspiracy to commit burglary, and theft in another Sedgwick County case. The indecent liberties charges were not filed in Sedgwick County until June 6, 1995. Wheeler was

arrested for these charges in the Johnson County jail on July 27, 1995. He remained in the Johnson County jail until transported and arraigned in Sedgwick County on July 28, 1995.

Wheeler pled guilty to all the Sedgwick County charges. On the four counts of aggravated indecent liberties, the district court sentenced Wheeler to concurrent terms of 51 months' imprisonment. Wheeler filed a motion for additional credit for time served while in the Johnson County jail. The court granted Wheeler 2 days' jail time credit for the time he spent in the Johnson County jail on the Sedgwick County charges. However, the court denied any jail time credit for the time Wheeler was held in Johnson County on the charge of indecent solicitation of a child.

Wheeler argues the district court erred in denying his motion for jail time credit for the 200 days he spent in the Johnson County jail before his transfer to Sedgwick County.

Pursuant to K.S.A. 21-4614, a sentencing court is required to give a defendant credit for time spent in jail pending the disposition of the defendant's case. See *State v. Babcock*, 226 Kan. 356, 363, 597 P.2d 1117 (1979) (the legislature has required credit for jail time, and no discretion is granted to the court in allowing same); *Payton v. State*, 22 Kan. App. 2d 843, Syl. ¶ 2, 923 P.2d 1059 (1996) (inmate has statutory right to receive jail time credit). Interpretation of K.S.A. 21-4614 is a question of law, and our review is unlimited. See *State v. Robinson*, 261 Kan. 865, Syl. ¶ 1, 934 P.2d 38 (1997).

K.S.A. 21-4614 provides:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

Kansas courts interpreting K.S.A. 21-4614 have specifically held that jail time credit is earned only for the time spent in jail solely

on account of the offenses for which the defendant is being sentenced. See *State v. Calderon*, 233 Kan. 87, Syl. ¶ 8, 661 P.2d 781 (1983); *Campbell v. State*, 223 Kan. 528, Syl. ¶¶ 1, 2, 575 P.2d 524 (1978); *State v. Jenkins*, 10 Kan. App. 2d 8, Syl. ¶ 1, 690 P.2d 396 (1984).

There does not appear to be a Kansas case on point, and neither party has cited a case with a similar factual scenario to our situation. In his brief, Wheeler relies on *Brodie v. State*, 1 Kan. App. 2d 540, 571 P.2d 53 (1977), as supporting authority. *Brodie* appears to contradict Wheeler's position. Brodie escaped from prison after being convicted of second-degree murder. The time line of the case is as follows:

- 1/ 3/74—Brodie escaped from custody
- 3/19/74—Brodie reapprehended
- 5/31/74—Brodie extradited to California to face murder charges
- 7/31/74—California murder charges dismissed without prejudice
- 8/26/74—California refiles murder charges
- 12/18/75—California murder charges dismissed for lack of prosecution
- 4/14/76—Brodie returned to Kansas and Kansas State Penitentiary

Brodie argued he was entitled to jail time credit against his Kansas conviction of second-degree murder, and on the subsequent conviction for escape, for the time he was in custody in the California jail (5/31/74 - 4/14/76). The district court denied Brodie's request because he had escaped from prison. This court held that Brodie was not entitled to credit on his second-degree murder conviction since his confinement in California was the result of the California murder charges or the Kansas escape charge. The *Brodie* court remanded the case to the district court for a determination, among other things, of whether Brodie was held during the periods of 7/31/74 - 8/26/74 and 12/18/75 - 4/14/76 solely on his sentence for escape. If so, he was entitled to credit for that time on the escape charge only. 1 Kan. App. 2d at 541-43.

The court did not grant credit for the period of approximately 18 months during which Brodie was involved with the California murder proceedings. Brodie did not get jail time credit because he was being prosecuted for the California murders, even though those charges were later dismissed.

In Wheeler's case, the Sedgwick County charges of indecent liberties were not filed until June 6, 1995, and Wheeler was not arrested on those charges until July 27, 1995. The State contends a defendant is not entitled to credit on a sentence for time which he or she has spent in jail upon other, distinct and wholly unrelated charges. *Campbell*, 223 Kan. 528, Syl. ¶ 2.

Wheeler argues this court should look beyond the parameters of K.S.A. 21-4614 to examine the specific facts of his case. He reminds the court that the Kansas sentencing statutes are to "be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics." K.S.A. 21-4601. See *State v. Scherzer*, 254 Kan. 926, 933, 869 P.2d 729 (1994) (sentencing court should avoid inconsistencies and allow individualized sentencing dispositions whenever practicable).

When examined in such a light, Wheeler argues he is entitled to jail time credit for the full time he spent in Johnson County because under K.S.A. 21-3108, setting forth the principles of double jeopardy and compulsory joinder, Johnson County is now barred from refiling the indecent solicitation charge, as it was connected with the Sedgwick County case.

The double jeopardy statute, K.S.A. 21-3108(2)(a), prohibits a subsequent prosecution if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution

"[r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

The State responds that K.S.A. 21-3108 has no bearing on jail time credit since K.S.A. 21-4614 is the controlling statute. Con-

sequently, the State contends Wheeler is not entitled to his request because he was not in Johnson County solely on the Sedgwick County charges. We agree. Whether double jeopardy or compulsory joinder might have applied to the Johnson County case if it had been fully prosecuted is not controlling on the issue of jail time credit pursuant to K.S.A. 21-4614. The Johnson County count was charged prior to the Sedgwick County counts and was dismissed when Wheeler was arrested on the Sedgwick County counts. He received his 2 days' credit as required by the law for the time he was held on the Sedgwick County counts in Johnson County. With the dismissal of the Johnson County charges, there was nothing to which the 7 months' incarceration on that charge could apply.

Jail time credit is not earned under K.S.A. 21-4614 for time spent in jail solely on account of charges which are then dismissed.

Wheeler also argues that if he does not receive the 7 months' jail time credit, it is a violation of his constitutional right to be free from cruel and unusual punishment. Wheeler cites no case law supporting this argument.

Wheeler was held in Johnson County on legitimate charges. Johnson County was one of the proper venues where Wheeler could have been charged with indecent solicitation of a child. There is no indication in the record as to the status of the Johnson County case at the time it was dismissed. Sedgwick County, where there was also venue, for whatever reason chose not to charge Wheeler with that crime.

Incarceration awaiting trial on a case that is dismissed is sometimes troubling. However, there is no constitutional or statutory remedy under these facts upon which Wheeler may call. There is no showing of irregular proceedings or actions. There is nothing in the record to support a finding of cruel or unusual punishment.

Affirmed.