No. 82,121

STATE OF KANSAS, *Appellant,* v. RONNELL GOLSTON, *Appellee.*

(7 P.3d 1132)

Opinion filed June 2, 2000.

*Doyle Baker,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellant.

*Brent Getty,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals the district judge's calculation of "good time credits" to determine the date of release from custody of a prisoner serving a felony sentence.

## JURISDICTION

The purpose of permitting the State to appeal on a question reserved is to allow the prosecution to obtain review of an adverse legal ruling on an issue of statewide interest important to the correct and uniform administration of the criminal law, which otherwise would not be subject to appellate review. *State v. Ruff,* 252 Kan. 625, 629-30, 847 P.2d 1258 (1993).

Ronnell Golston contends that his release is not appropriate for review as a question reserved because the issue has no statewide significance. He argues that only he is interested in the outcome of the issue. We disagree. The issue of whether a trial judge can release a prisoner without processing the release through the Department of Corrections (DOC) is an issue of statewide interest important to the correct and uniform administration of the criminal law, which otherwise would not be subject to appellate review.

## FACTS

Golston pled guilty in 94 CR 2065 to one count of attempted criminal possession of a firearm. On January 19, 1996, the district judge sentenced Golston to 6 months' imprisonment and placed him on probation for 24 months. The judge informed Golston that he was eligible for up to a 20 percent reduction in his sentence for good time. The judge credited Golston with 3 days for time served.

On April 8, 1998, the judge revoked Golston's probation and imposed the prison sentence. Golston was credited with 20 days for time served.

Golston was not transferred to a prison institution but remained in the county jail to facilitate court appearances on a pending criminal charge, case No. 97 CR 430. On September 3, 1998, Golston appeared for sentencing in 97 CR 430. Defense counsel informed the district judge that Golston had fully served his sentence in 94 CR 2065 and, assuming credit for good time, had served 10 days beyond his release date. The prosecutor disagreed with the defense

counsel's calculations, asserting there was no reason to believe that Golston would have received the good time credit. The prosecutor calculated that without the good time allowance, Golston's release date would be the end of September 1998. The judge released Golston from custody on 94 CR 2065 and then sentenced him to 8 months' imprisonment on 97 CR 430. The judge placed Golston on probation in 97 CR 430.

The State appeals on a question reserved the district judge's grant of "good time" for a felony conviction pursuant to K.S.A. 22-3602(b)(3).

## GOOD TIME CREDIT

The question presented requires interpretation of statutes. Interpretation of a statute is a question of law over which the appellate court has unlimited review. See *State v. Lewis,* 263 Kan. 843, 847, 953 P.2d 1016 (1998). First, we discuss the statutory duties of a district judge sentencing an individual convicted of a felony:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution[. S]uch date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case. In recording the commencing date of such sentence, the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system. *Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted."* (Emphasis added.) K.S.A. 21-4614.

When Golston was originally sentenced and placed on probation on January 19, 1998, he was given 3 days' credit for time served in the county jail, pursuant to K.S.A. 21-4614. At the probation revocation hearing on April 8, 1998, he was given 20 days' credit for

time served in the county jail. Assuming no credit for good time, Golston would have served his 6-month sentence on approximately September 17, 1998. Further assuming the maximum allowance of good time credit, 20 percent, Golston's conditional release date was approximately August 16, 1998. The district court released Golston on September 3, 1998.

The State contends that the district judge exceeded his statutory authority by releasing a prisoner in the custody of the DOC. The State asserts that, by statute, the DOC is responsible for computing a prisoner's release date, and the date will vary depending on the DOC's credit of good time.

When Golston's probation was revoked in 94 CR 2065, the court committed Golston to the custody of the Secretary of Corrections. The fact that Golston served a portion of his sentence in the county jail because of a pending court case did not divest the Secretary of Corrections of custody.

The Secretary of Corrections is responsible for tracking the inmate's release date, which varies depending on whether the inmate is entitled to good time credit. The grant or denial of good time credits is a method of behavior control or sanctions utilized by the DOC. K.S.A. 21-4703(j). When earned pursuant to rules and regulations established by the Secretary, good time credits will reduce the length of the inmate's prison sentence. See K.S.A. 21-4722; K.A.R. 44-6-146. The grant or denial of good time credits is totally within the discretion of penal authorities. *Frazee v. Maschner*, 12 Kan. App. 2d 525, 527, 750 P.2d 418, *rev. denied* 243 Kan. 778 (1988).

Good time credits are awarded by DOC employees; the sentencing court plays no role in the process. See K.A.R. 44-6-108(a). On and after March 1, 1995, good time credits are awarded by the DOC on an earned basis for the purpose of determining the conditional release date. K.A.R. 44-6-142. The district court erred in granting good time credits.

Appeal sustained.