No. 88,724

STATE OF KANSAS, *Appellee*, v. DENNIS W. HARPER, *Appellant*.

69 P.3d 1105

Opinion filed May 30, 2003.

*William K. Rork*, of Rork Law Office, of Topeka, argued the cause and *John A. Fakhoury* and *Rodger M. Turbak*, legal intern, of the same firm, were with him on the brief for appellant.

*Brad M. Lippert*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BRAZIL, J.: Defendant Dennis W. Harper was convicted of one count of aggravated battery, a severity level 7 person felony, and two counts of assault on a law enforcement officer, Class A misdemeanors. At sentencing, the judge imposed 34 months on the felony and 12 months on each misdemeanor. The judge ordered one misdemeanor sentence to run consecutive to the felony sen-

tence and the second misdemeanor sentence to run concurrent with the felony and first misdemeanor sentences. Harper's controlling sentence was 46 months. The trial court ordered that Harper's credit for 529 days spent incarcerated be applied to the misdemeanor sentences first, fully satisfying those sentences, and ordered that the remainder credit be applied to the felony sentence. Applying the jail time credit to the misdemeanors results in Harper serving the majority of his sentence in prison rather than in the county jail. Harper now appeals the trial court's denial of his motion to correct illegal sentence.

We vacate and remand for resentencing.

Harper was originally charged with eight offenses. Ultimately, he entered a plea of guilty and was convicted on three counts: Count 1, aggravated battery in violation of K.S.A. 21-3414(a)(B), a severity level 7 person felony, and Counts 7 and 8, assault on a law enforcement officer in violation of K.S.A. 21-3409, Class A misdemeanors.

At sentencing, the court remanded Harper to the custody of the Secretary of Corrections for a period of 34 months for the felony conviction of aggravated battery and sentenced Harper to 12 months in the county jail for each of the misdemeanors. The judge ordered Count 7, a misdemeanor sentence, to run consecutive to the felony sentence and Count 8, the other misdemeanor, to run concurrent with Counts 1 and 7. However, the journal entry also states that "[j]ail time credit shall first be applied to misdemeanor sentences on Counts 7 and 8."

For his first assertion of error, Harper argues that the sentence imposed by the district court is ambiguous with respect to the time and manner in which it is to be served and, thus, is an illegal sentence.

"Motions to correct an illegal sentence are governed by K.S.A. 22-3504. A motion under K.S.A. 22-3504 is a part of the underlying criminal proceeding. [Citation omitted.] The court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Perez*, 267 Kan. 543, 549, 987 P.2d 1055 (1999). The issue of whether a criminal sentence is illegal is a question of law. [Citation omitted.] On questions of law, this court's review is unlimited and the court is not bound by the decision of the district court. [Citation omitted.]" *State v. Jones*, 272 Kan. 674, 677, 35 P.3d 887 (2001).

Harper first notes that where consecutive sentences are imposed, the sentencing judge must establish a base sentence for the primary crime, which is the crime with the highest severity level.

He argues that by applying the credit for jail time served to the consecutive misdemeanor sentence instead of to the primary felony aggravated battery, it is as if the felony is to be served consecutive to the misdemeanor.

Under Kansas law, a judge who sentences a defendant to confinement is required to grant credit for the time which the defendant spent incarcerated pending the disposition of his or her case. K.S.A. 21-4614; *State v. Golston*, 269 Kan. 345, Syl. ¶ 1, 7 P.3d 1132 (2000). "The provisions of K.S.A. 21-4614 are mandatory and require that a criminal defendant sentenced to incarceration be given credit for all time spent in custody solely on the charge for which he is being sentenced. [Citation omitted.]" *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983).

"An 'illegal sentence' is either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *Jones*, 272 Kan. 674, Syl. ¶ 1.

The sentencing journal entry of judgment clearly indicates "[j]ail time credit shall first be applied to misdemeanor sentences on Counts 7 and 8." Under the facts presented on appeal, there is no confusion or ambiguity with respect to the time and manner in which Harper is to serve his sentence.

Next, Harper claims that, in multiple conviction cases, K.S.A. 21-4614 is ambiguous as to whether the sentencing judge should first apply credit for time served to the controlling sentence or to other sentences. Harper asks this court to find that all his credit for time served should be applied to the felony conviction so that he may serve the consecutive 12-month sentence in the county jail.

The State's position is that the Kansas Sentencing Guidelines are laden with numerous requirements which remove discretion from the sentencing court, and by excluding instructions in K.S.A. 21-4614 as to whether jail time credit should be applied first to a

felony or misdemeanor sentence, the legislature intended to leave that determination to the discretion of the sentencing court.

Harper maintains that an interpretation of K.S.A. 21-4614 that allows a sentencing court to apply jail time credit either to the beginning or to the end of a sentence leads to uncertainty and confusion in a case with multiple counts. He claims that K.S.A. 21-4614 is ambiguous as to whether the sentencing judge should first apply credit for time served to the controlling sentence or to other sentences, and further asserts that the district court's exercise of discretion in this case resulted in a sentence which is ambiguous in the time and manner to be served and, thus, illegal.

"Interpretation of K.S.A. 21-4614 is a question of law, and our review is unlimited." *State v. Wheeler*, 24 Kan. App. 2d 616, 617, 949 P.2d 634 (1997).

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001) (citing *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 [1998]).

A careful reading of K.S.A. 21-4614 leads us to disagree with both Harper, who argues the statute is ambiguous, and with the State, that argues it gives the judge discretion to apply the credit to a misdemeanor sentence first.

The statute requires the court to designate a date for the purpose of computing the defendant's (1) sentence, (2) parole eligibility, and (3) conditional release dates. That date is referred to as a sentence commence date (referred to as sentence begins date in the Kansas Sentencing Guidelines journal entry of judgment form) and must allow for the time the defendant has been incarcerated pending the disposition of his or her case. In this case, the court determined that Harper had been incarcerated 529 days and that April 28, 1999, was the sentence begins date.

In a hypothetical case involving only one misdemeanor jail sentence, the sentence begins date would be used to compute the defendant's release date.

In a case involving only one felony sentence, the sentence begins date would be used to compute not only the defendant's release date, but also his or her parole eligibility and conditional release dates.

Harper's case involves both a misdemeanor jail sentence and a consecutive felony sentence. Because of the felony sentence, K.S.A. 21-4614 required the judge to designate a sentence begins date that allowed Harper 529 days of jail time credit and to deliver that information "with the defendant to the correctional institution . . . ." The statute then provides that "the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system."

Clearly, when a felony sentence is involved, the statute requires all jail time credit established by the designated sentence begins date to be applied first to the felony sentence to compute that felony sentence and the parole eligibility and conditional release dates.

The district court erred when it applied 365 days of Harper's jail time credit to his misdemeanor sentences.

The sentence is vacated and remanded for resentencing.

ABBOTT, J., not participating.

BRAZIL, S.J., assigned ■