NOT DESIGNATED FOR PUBLICATION

Nos. 119,560
119,561
119,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SONNY J. BRAY III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed August 9, 2019. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Valerie D. Hansen*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Sonny J. Bray III appeals the district court's denial of his motion for jail time credit. Bray was on postrelease supervision when he pleaded no contest to new crimes. After he was sentenced for those crimes he filed a motion for jail credit for the 243 days he had been detained before sentencing. The district court denied his motion, finding that the 243 days had already been credited to Bray's postrelease case. Because our record is unclear, we reverse and remand for clarification.

1

*Factual and Procedural Background*

In July 2014, Sonny Bray pleaded no contest to theft in 13 CR 603. The district court sentenced him to 16 months with 12 months of postrelease supervision. In 2016, while on postrelease, Bray pleaded no contest to charges from three cases—battery of a law enforcement officer and felony theft in 14 CR 791, aggravated battery in 15 CR 421, and criminal possession of a firearm and fleeing or attempting to elude a law enforcement officer in 15 CR 577. At sentencing in March 2016, the district court imposed a 60-month prison sentence, running two 30-month prison sentences consecutively for cases 14 CR 791 and 15 CR 421 and running them concurrently with a 21-month prison sentence for 15 CR 577 in accordance with the plea agreement.

The journal entries for these cases awarded Bray no jail credit for the 243 days that he had spent in jail before being sentenced in his new criminal cases. Instead, the journal entries suggested that this jail time had already been credited toward a sentence Bray was serving in a prior case—13 CR 603, his postrelease case.

In February 2018, Bray moved for additional jail credit for cases 14 CR 791, 15 CR 421, and 15 CR 577. The district court denied that motion, stating that Bray had already received credit for those days. Bray appeals.

*Did the District Court Err by Denying Bray's Motion for Additional Jail Time Credit?*

Although Bray's motion asked for 396 days of credit, on appeal Bray argues for only 243 days of jail credit. He argues that the district court erred by denying his request for 243 days of jail credit for time that he spent in jail awaiting disposition of charges for cases 14 CR 791, 15 CR 421, and 15 CR 577, and a postrelease violation warrant for 13 CR 603.

2

The right to jail credit is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012); see K.S.A. 2018 Supp. 21-6615(a). Our review of the district court's jail credit determination requires us to interpret the Kansas Sentencing Guidelines Act. Interpretation of sentencing statutes is a question of law over which we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Under K.S.A. 2018 Supp. 21-6615(a), a defendant's sentence is computed to allow credit for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Its provisions are mandatory, but they entitle a defendant to one day of credit for each day held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003). In other words, defendants may not receive double credit for time served in pretrial detention on multiple cases. *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001) (defendant not entitled to credit for pretrial detention toward each of two sentences to be served consecutively). Thus, a defendant cannot receive jail time credit against an unrevoked term of postrelease supervision for time spent incarcerated on a new charge which results in a conviction and sentence. *White v. Bruce*, 23 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448 (1997). Instead, postrelease supervision is suspended until completion of the new sentence, unless the State revokes that supervision. 23 Kan. App. 2d at 455.

Our caselaw underscores the rule that postrelease supervision cannot be completed while a defendant is incarcerated pending new charges. *White*, 23 Kan. App. 2d at 453. Any term of postrelease supervision is suspended until the completion of the new sentence, unless the State revokes that supervision. *State v. McLemore*, No. 116,119, 2017 WL 6625552, at *2 (Kan. App. 2017) (unpublished opinion). So jail time credit earned on a new charge which results in a conviction and sentence cannot be applied to unrevoked postrelease supervision from a prior case. *White*, 23 Kan. App. 2d 449, Syl. ¶ 2; *McLemore*, 2017 WL 6625552, at *2. That is the case here.

3

Bray was sentenced in his three new cases on March 18, 2016. Although the State says that it is unclear when Bray's postrelease supervision was revoked, it seems to agree with Bray's suggestion that the Prison Review Board did not hear his postrelease supervision violation hearing until March 26, 2016. If that is the case, Bray could not properly have received jail credit toward his postrelease supervision case because his postrelease supervision had not been revoked at the time of his sentencing.

We have consistently applied that rule in similar cases. In *State v. Unruh*, No. 113,991, 2016 WL 3128773 (Kan. App. 2016) (unpublished opinion), the defendant was charged with crimes while on postrelease supervision in another case. While she was in pretrial custody, the Kansas Department of Corrections issued a warrant for defendant's violation of her postrelease supervision. The district court awarded the defendant's pretrial confinement as jail credit toward the postrelease sentence of her old case instead of toward the sentences for her new case. On appeal, we reversed, vacating the district court's order and directing that the defendant's jail time be credited against her sentence in the current case. 2016 WL 3128773, at *2.

In *State v. Blazier*, No. 116,148, 2017 WL 3575656 (Kan. App. 2017) (unpublished opinion), the defendant moved for jail time credit for the 171 days he spent in detention before sentencing. The district court denied the motion, reasoning that the credit should apply to two previous cases for which the defendant was on postrelease supervision at the time of sentencing. We found that the district court erred in denying the defendant's motion because jail time credit cannot be applied to unrevoked periods of postrelease supervision. That said, this court reversed and remanded the case with instructions for the district court to determine whether the State actually applied credit to the prior cases to ensure that the defendant did not receive duplicate credit for the time he spent incarcerated. 2017 WL 3575656, at *3-4.

The issue here is the same—"how to credit jail time in the limited circumstance in which a defendant has been held on both a new criminal charge and a warrant for a potential violation of postrelease supervision in an earlier case." See *Unruh*, 2016 WL 3128773 at *2. The panel in *Unruh* specified:

> "If the potential violation of postrelease supervision in the earlier case has not been administratively resolved before the sentencing hearing in the current case, K.S.A. 2015 Supp. 21-6615(a) points toward crediting any pretrial detention in the current case. That is, the credit should be given, in the words of the statute, in 'the defendant's case,' meaning the immediate crime of conviction rather than against some, as yet, undetermined administrative punishment in a past case." 2016 WL 3128773, at *2.

We agree with that rationale.

Bray had a right to receive 243 days of jail credit and the credit should apply to his current cases if his violation of postrelease supervision in the earlier case was not resolved before the sentencing hearing in Bray's current cases. Yet we lack the information necessary to determine whether Bray's postrelease supervision remained unrevoked at the time of sentencing and to determine whether Bray actually received the jail credit on his postrelease supervision case.

We remand with instructions for the district court to make those determinations and properly apply jail credit to the correct case.

Reversed and remanded with directions.