NOT DESIGNATED FOR PUBLICATION

No. 124,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT DEWAYNE VEALES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNER, judge. Opinion filed December 9, 2022. Reversed and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and HURST, JJ.


PER CURIAM: Jail credit "shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2021 Supp. 21-6615(a). Robert Dewayne Veales challenges the district court's application of jail credit to his cases. Because under these facts he had a right to jail credit for time served on several charges concurrently, we reverse the district court's award of jail credit and remand the case to the district court to account for each day Veales was incarcerated pending the disposition of his consolidated case.

1

Because the sole issue here is the proper application of jail credit, we set out the facts in terms of jail credit assigned to the best of our ability from the record—a record that at times is not clear and at other times is devoid of any explanation about Veales' status.

On Sunday, March 19, 2017, police arrested Veales in Wichita and booked him into the Sedgwick County Jail for aggravated robbery. He was released on March 20, 2017, apparently with no bond required, since charges had not yet been filed by the State. He was given credit for two days served in jail. On March 29, 2017, the State filed charges against him for aggravated robbery under Sedgwick County District Court case number 17 CR 893 (Case 1). He returned to court on April 3, 2017, for his felony first appearance and posted a $50,000 bond to remain free pending trial. When he failed to appear at his preliminary hearing on May 31, 2017, the district court forfeited his bond and issued a warrant. On June 3, 2017, the State arrested Veales and charged him with two counts of criminal possession of a weapon and one count of driving while suspended in Sedgwick County District Court case number 17 CR 1606 (Case 2). The court did not release Veales on the two charges until June 29, 2017, when he posted a $100,000 bond on Case 1. He was given credit on Case 1 for another 27 days served, even though he was also being held on Case 2.

It is unclear why, but by August 4, 2017, Veales was back in custody where he remained until November 15, 2017. He was given jail credit for 104 days on Case 1, even though the judge noted he was really being held on Case 2 at that time. Records in the file are inconsistent, with some listing a request for a bond reduction in Case 1 and others listing a bond posted. But on appeal, no one disputes that the court properly gave Veales jail credit of 104 days for Case 1.

Sedgwick County Police arrested Veales on January 4, 2018, after executing a warrant for violating his bond conditions in Case 2. While waiting to be transported to the jail, Veales tried to flee from the pretrial services officer. As a result, the State charged Veales with one count of interference with law enforcement in Sedgwick County case number 18 CR 45 (Case 3). Thereafter, Veales remained in custody at the Sedgwick County Jail, during which the district court granted six continuances in all three cases. In motions to reduce his bond filed by his attorney, Veales noted he had cumulative bond amounts of $400,000 on all three cases.

Over a year after Veales was arrested, the parties entered into a global plea agreement to resolve all three of the cases pending against Veales. Under the plea agreement, Cases 1 and 3 were consolidated and Veales agreed to plead guilty to all counts in Case 1 and Case 3. In return, the State agreed to dismiss Case 2. The parties also agreed that they would recommend to the district court the high number in the appropriate grid box for all counts and that the cases would run concurrent with one another. The district court accepted Veales' guilty pleas in Case 1 and Case 3, and it dismissed Case 2.

The district court ultimately imposed a 55-month prison sentence for the aggravated robbery count in Case 1, a 9-month prison sentence for the criminal possession count in Case 1, and a 13-month prison sentence for interference with law enforcement in Case 3. The district court ordered that all counts in both cases run concurrent with one another, for a controlling sentence of 55 months in prison. As to any jail time credit, the district court stated: "Mr. Veales is entitled for credit spent incarcerated on these cases. So I'll order that he receive appropriate credit for time served." The sentencing journal entries in both cases list the cases as consolidated.

The final sentencing journal entry, filed on December 23, 2019, recorded that Veales received 196 days of jail time credit in Case 1. The parties do not challenge that

3

jail credit. The journal entry in Case 3, also filed on December 23, 2019, gave Veales 581 days of jail time credit, which represented all of the time he spent in custody after he tried to flee from custody in January 2018—even though his entire sentence in that case was only 13 months or 390 days.

Less than 30 days later, Veales moved to correct a clerical error or for an order nunc pro tunc, arguing that the court should correct his journal entry in Case 1 to show 581 days of jail time credit because that was what he received in Case 3, and the cases were consolidated. Veales argued that if the 581 days did not apply in both cases, he effectively would not get credit for serving that time.

At the hearing on the motion, Veales slightly changed his argument, stating that he would have 191 days of "dead time" in Case 3—jail time credit that would not be applied to either case—because the sentence the district court imposed in that case was shorter than the 581 days of credit that he received on the sentencing journal entry. Veales urged the court to exercise its equitable power and grant his motion to avoid losing over six months of jail time credit. So at the hearing he confined his argument to a request for credit on Case 1 for the 191 days of overage on Case 3 since the court consolidated the cases. The State responded that Veales simply had no right to any of the 581 days in Case 1 because he was not held in custody on that case during those 581 days, despite what he may have thought. The district court accepted the State's conclusory statement and determined that it had no discretion to change which case the jail time credit applied to since he was only held predisposition on one case, Case 3. The judge also noted that he already granted some equity to Veales by applying 104 days of credit to Case 1 from time spent in jail in Case 2, because "he should get credit for that case from somewhere." The district court denied Veales' motion, holding that it had properly allocated Veales' jail time credit in the two cases.

Veales timely filed a notice of appeal.

4

The right to jail time credit is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Statutory interpretation is a question of law subject to unlimited review by an appellate court. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

Moreover, the provisions governing jail time credit are mandatory. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003). The district court is granted no discretion in assessing jail time credit where it is due. *State v. Babcock*, 226 Kan. 356, 363, 597 P.2d 1117 (1979).

On appeal, Veales argues that the court illegally denied him jail credit in Case 1 for the days he spent in jail while also in custody on Case 3 because the cases were consolidated and the sentences concurrent, which required that they be treated globally.

*We examine the law governing jail credit.*

The statute that discusses jail time credit, K.S.A. 2021 Supp. 21-6615(a), provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.* In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the secretary of corrections are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system." (Emphasis added.)

The Kansas Supreme Court has interpreted this statutory language to mean that "a defendant is entitled only to credit for the time held in custody solely on account of, or as a direct result of, those charges for which he is now being sentenced." *State v. Calderon*, 233 Kan. 87, 98, 661 P.2d 781 (1983) (citing *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 [1978]). A defendant is not entitled to credit on a sentence for time spent in jail upon other, distinct, and wholly unrelated charges. *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). Thus, if a defendant is entitled to jail time credit in one case, he or she is not entitled to credit for the same jail time in any other case. See *State v. Prebble*, 37 Kan. App. 2d 327, 332-33, 152 P.3d 1245 (2007). But the statute does not specifically address what happens when a defendant is serving time on a consolidated case in which the court orders the sentences to be served concurrently. The issue arises here.

*A portion of Veales' predisposition incarceration was for three cases from the same jurisdiction at the same time.*

When Veales was incarcerated on January 5, 2018, he had three cases pending disposition. Although the sentencing journal entry from Case 3 reflects that from January 5, 2018, to August 9, 2019, Veales was held in custody solely because of the charge in Case 3, the record seems to contradict that finding.

The parties agree that Veales was in jail from January 5, 2018, to his sentencing in August 2019. During his incarceration, his attorney filed several motions to reduce his bond which he noted were in the cumulative amount of $400,000. The record reflects that his bond for Case 3 was $200,000. And the last bond the record shows posted for Case 1 was $100,000 in September 2017, before his arrest on Case 3. Because Case 2 was dismissed, we do not have the benefit of a copy of his bond amount on Case 2. But at one of the hearings held to address his motion to reduce the bond, his attorney mentioned the "bond amounts that are before the [c]ourt," suggesting more than one bond. And the prosecutor outlined that Veales had a $100,000 bond on Case 1, a $100,000 bond on Case

6

2, and a $200,000 bond on Case 3. This would align with Veales' claim that his total bonds were $400,000 and he could not be released until he posted that amount.

At least two motions to reduce Veales' bond were denied and listed all three cases. And twice during the 581-day period the court denied bond modification on Case 1. So as Veales notes, "the court (1) signed off on six continuances captioned as including [Case 1], all of which indicated that Mr. Veales was in custody and (2) denied Mr. Veales a bond modification twice in [Case 1.] That makes at least eight times between January 5, 2018, and August 9, 2019, that the court treated Mr. Veales as in custody on [Case 1]." At his July 2018 bond reduction hearing, the judge acknowledged there were three bonds holding him. Continuances were granted many times noting all three case numbers and that Veales was in custody. The cases shared the same continuance forms, bond motions, plea agreement, plea hearing, and sentencing hearing.

Veales served 777 days presentence. But, by applying the 581 days he served on both cases solely to Case 3, which only had a 13-month sentence—390 days—he was deprived, at a minimum, of 191 days of jail credit to which he argues he was entitled. Given that the sentences were ordered to run concurrent with each other, it could be argued he was in effect denied credit for the entire 581 days.

*Veales is not seeking duplicate jail credit.*

Veales is not really contending that he is entitled to the same jail time in two cases. He is not claiming that any jail credit should be counted twice, which is clearly prohibited by the statute. He is simply arguing that consistent with K.S.A. 2021 Supp. 21-6615(a), he should get credit for all the jail time he served before he was sentenced in this case.

7

In response, the State's sole contention here is that Veales is not entitled to "duplicative credit." It relies on one case, *State v. Devaney,* No. 110,722, 2015 WL 2131509 (Kan. App. 2015) (unpublished opinion), to support its position. But *Devaney* is distinguishable. While Devaney was in custody awaiting trial on Case 1, the State filed four more cases against him, Cases 2, 3, 4, and 5. All occurred before his incarceration on Case 1. He entered a global plea agreement. He pleaded to at least one count in each of the 5 cases and all sentences were to run concurrently for a controlling sentence of 42 months. He had 198 days jail credit on Case 1, 190 while he was in custody awaiting trial and 8 days before that. The district court then gave him credit (from that same 190 days) for every day he was in custody after he was charged in each of the other 4 cases. Because he was not charged in Case 5 until 91 days after he was placed in jail on Case 1, he only got 91 days credit on the 42-month sentence in Case 5. He appealed arguing that failing to give 190 days' credit on each case deprived him of 99 days credit on his overall controlling sentence.

The *Devaney* court affirmed the district court: "There is nothing inherent in concurrent sentencing in different cases that requires that all time served before sentencing must be applied to each case." 2015 WL 2131509, at *3. The opinion does not say whether the cases were consolidated before the district court. But it found that Devaney should "count his blessings" because the court should not have given him 91 days credit on Case 5, but since the State did not cross-appeal its decision to do so would stand. 2015 WL 2131509, at *4.

Again, Veales is not seeking "quintuple jail time credit for each day he had served" as was Devaney. 2015 WL 2131509, at *2. He is asking that the credit be apportioned between multiple cases for which he was being held simultaneously in a manner that maximizes his credit, while not double counting it. His request adheres to the overarching purpose of K.S.A. 2021 Supp. 21-6615(a) which is to afford a defendant sentenced to a period of incarceration as punishment credit for the time the defendant has

8

spent as a pretrial detainee on a day-for-day basis. A defendant cannot claim double credit for pretrial detention against more than one sentence. Likewise, a defendant already serving a sentence in one case does not get credit for that time against a punishment of incarceration yet to be imposed in a case that remains unresolved even if the new sentence is later ordered to run concurrently. *State v. Stiner*, No. 120,855, 2020 WL 5994149, at *2 (Kan. App. 2020) (unpublished opinion). But neither scenario reflects Veales' plight here. To understand his plight, we must examine how jail credit is calculated in a particular case.

*We examine jail credit as it relates to the "sentence begins date" and the effect of the assignment of jail credit in cases involving concurrent sentences.*

Let's briefly review how sentences are calculated when jail credit must be assessed. Under Kansas law, the sentencing court and the Department of Corrections are guided by a "sentence begins date," which is the date the defendant is sentenced minus the number of days of jail credit. K.A.R. 44-6-134(a). Each sentence begins date must reflect all jail credit. K.A.R. 44-6-138(a). The amount of jail credit must not adjust the sentence begins date so that it falls before the date of commission of the offense. K.A.R. 44-6-134(a).

The way a court apportions jail credit in a case involving concurrent sentences makes a difference. So let's look at the difference various computation methods make for Veales.

When sentences are ordered to run concurrent, the sentence with the term requiring the longest time to be served in prison shall be the sentence controlling the guidelines release date. K.A.R. 44-6-140(a). Because Case 1 carries a 55-month sentence, it has the longest release date as between Case 1 and Case 3. Based solely on the allocation of jail credit ordered by the district court—and barring any eligible good time

9

credits which could be up to 15% of his sentence on Case 1—Veales' current release date on Case 1 would be October 4, 2023 (55 months from his calculated sentence begins date of October 11, 2019). But if all 777 days are applied to Case 1, it would put Veales' sentence begins date on August 25, 2017, and a guidelines release date of March 2, 2022. Even if the district court had simply added the 191-day overage to Case 1, total jail credit would be 387 days, with a sentence begins date of September 19, 2018, and a release date of March 27, 2023.

*Our caselaw regarding jail credit for concurrent sentences in consolidated cases is sparse.*

We can find no Kansas cases that address the fact pattern we find here. There are some restrictions to application of jail credit, which we will outline briefly.

When a defendant is convicted of two crimes in a single case, and consecutive sentences are ordered, the defendant is not entitled to have each sentence reduced by the full amount of time spent in jail pending the charges. This would be double credit. *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001). And a defendant has no right to jail credit on a Sedgwick County sentence for time served in Reno and Harvey Counties, even though the Sedgwick County case was pending at the same time. A defendant "should receive credit only against the sentence for charges filed in the county in which he or she is held." *State v. Taylor*, 24 Kan. App. 2d 80, 83, 941 P.2d 954 (1997). Additionally, "[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges." *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2, 575 P.2d 524 (1978). And a defendant is not entitled to jail credit for time served predisposition when the charges for which they are being held are dismissed—even though such a result is "sometimes troubling," because there is no case remaining to which the court could assign that jail credit. *State v. Wheeler*, 24 Kan. App. 2d 616, 620, 949 P.2d 634 (1997). But a defendant has a right to credit for the time held

10

in custody solely because of, or as a direct result of, those charges for which he is being sentenced. *Calderon*, 233 Kan. at 98.

Here, Veales was being held in the same jail on all three charges, which were all out of the same jurisdiction. The State moved to consolidate Case 2 and Case 3 on the basis they could have been joined in a single complaint. Nothing in the record reflects that this motion was granted. But both sentencing journal entries confirm that the court consolidated Case 1 and Case 3, although we see no similar motion on file. The plea agreement notes both case numbers followed by a parenthetical "(consolidated)." No one has challenged the fact that the cases were consolidated. Veales was sentenced on both cases at the same time. The State does not argue that Case 1 and Case 3 are "distinct, and wholly unrelated" under *Campbell,* 223 Kan. 528, Syl. ¶ 2.

Instead, the State argues that Veales was not entitled to have the 581 days assigned to Case 1 "because he was not being held on that case during that time period because he had bonded out of jail." But as noted, the record does not appear to support that statement. In fact, the record reflects that Veales was being held predisposition on Case 1. Veales has a right to jail credit for every day he spends in jail predisposition, and there were at least two cases to which the court could have justifiably assigned such credit based on the unique facts of this case.

Here, when the court consolidated the cases, ordered the sentences to be served concurrently with each other, but then allocated only part of the time Veales spent in jail to the case that had the shortest overall sentence, it created a situation in which the jail credit was, in effect, no credit at all. It rendered the statute meaningless. Because the statute mandates that credit be given for predisposition incarceration and that goal was not met, the court seemingly failed to follow the mandates of the statute. It would be error for the district court to fail to assign Veales credit in a meaningful manner for all of his predisposition incarceration if the facts support such assignment.

11

Unfortunately, as we have noted, the cold record defies the State's assertion that Veales was only being held on Case 3. But it is the district court who is the finder of fact and without further fact-finding in the district court, regarding (1) what charges Veales was in jail for during those 581 days, and (2) whether the cases were consolidated, we are merely speculating. Accordingly, we reverse and remand to the district court to properly assign jail credit consistent with this opinion.

Reversed and remanded with directions.