NOT DESIGNATED FOR PUBLICATION

No. 127,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMON N. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

*Jessica R. Kunen*, of Lawrence, for appellant.

*Brian Deiter*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: In this appeal, Defendant Raymon N. Johnson contends the Douglas County District Court abused its discretion in crediting 18 days of jail time toward his sentence for misdemeanor assault rather than holding it in abeyance against any punishment the Prisoner Review Board might impose on him for violating the terms of his postrelease supervision in another case. But the district court did exactly what Johnson requested when it applied the jail time credit to the sentence in this case. Even if there were an abuse of discretion or some other error—and we don't think there was—

1

Johnson invited the district court's action and, therefore, cannot now complain about the result on appeal.

Johnson pleaded no contest to one count of misdemeanor assault as part of an agreement with the State. The State dismissed a second assault count. The circumstances of the underlying charges are irrelevant to this appeal. Johnson and the State jointly recommended that the district court sentence him to 18 days in jail with credit for 18 days he had already spent in custody. The district court followed the sentencing recommendation.

On appeal, Johnson contends the Kansas Department of Corrections (KDOC) had issued a hold for him in a felony case and that he faced a potential penalty in that case, presumably for violating the terms of his postrelease supervision. See K.S.A. 75-5217. Johnson's lawyer alluded to a KDOC "hold" during the sentencing hearing. But the particulars of the hold are sketchy in our record. It is apparent that when the district court sentenced Johnson in this case, KDOC had not acted on or otherwise resolved the hold. If a convicted felon violates the terms of their postrelease supervision, the Prisoner Review Board may order they be incarcerated or otherwise penalized depending on the nature of the violation. See K.S.A. 75-5217(b)-(d).

Johnson now says the district court abused its judicial discretion in crediting the 18 days he spent in pretrial detention against the sentence for misdemeanor assault, meaning the time could not be credited later against whatever penalty the Prisoner Review Board might impose in his other case. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Shields*, 315 Kan 131, 142, 504 P.3d 1061 (2022). Johnson bears the burden of proving an abuse. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Without much explanation, Johnson correctly cites *State v. Harper*, 275 Kan. 888, 892, 69 P.3d 1105 (2003), for the proposition that a district court imposing consecutive sentences on a defendant for a misdemeanor and a felony should apply jail time credit to the felony under the predecessor to K.S.A. 21-6815, the statute governing the treatment of jail time. But he fails to explain how *Harper* might be relevant here, where the district court applied the jail time credit to the only case it had to consider and where the district court had no control over the disposition of the KDOC hold. We failed to see that the district court misunderstood the law or the relevant facts.

Johnson would seem to be left arguing only that the jail time credit might have been more advantageously applied to any term of incarceration the Prisoner Review Board might impose, so the district court abused its discretion in how it handled the credit. But Johnson runs into the judicial equivalent of a brick wall in making that kind of argument on appeal. As we have said, Johnson asked the district court to apply the jail time credit in exactly the way it did. Even if there were some error in the district court doing so, Johnson invited the error. A party cannot invite the district court to take a particular action and then brand that action reversible error on appeal. *State v. Willis*, 312 Kan. 127, 131, 475 P.3d 324 (2020); *State v. Hargrove*, 48 Kan. App. 2d 522, 531-32, 293 P.3d 787 (2013). The invited-error rule applies here. We, therefore, decline to consider the substance of Johnson's complaint about how the district court applied his jail time credit.

Affirmed.